Case 3:25-cv-00269   Document 53   Filed on 11/25/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JENNIFER JEFFRIES, *et al.*, § <br> § <br> Plaintiffs. § <br> § <br> V. § <br> § <br> PHH MORTGAGE CORPORATION, § <br> *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:25-cv-00269 |

## <u>OPINION AND ORDER</u>

There are three motions pending before me: (1) Intervenor Robert Duran's Emergency Motion to Set Aside Foreclosure Sale, Rescind Trustee's Deed, and Return Purchase Funds (Dkt. 11); (2) Plaintiff Jennifer Jeffries's Motion to Enforce Temporary Restraining Order and Unwind Foreclosure Sale (Dkt. 26); and (3) Intervenor's Motion for Interim Relief to Preserve Property and Prevent Irreparable Harm Pending Ruling on Emergency Motion to Set Aside Foreclosure Sale (Dkt. 45). All three motions are denied.

## BACKGROUND

The facts relevant to the pending motions are relatively straightforward and undisputed. On August 4, 2025, Jeffries filed a Verified Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction in the 412th Judicial District Court of Brazoria County, seeking to halt the scheduled August 5, 2025 foreclosure of her homestead by Defendant PHH Mortgage Corporation. At 10:30 a.m. on August 4th, Jeffries's attorney, Ryan Daniel, emailed Selim Taherzadeh, the lawyer handling the foreclosure for PHH. In that email, Daniel advised Taherzadeh that "the attached petition was just accepted into the 412th District court and we will be requesting a TRO hearing today." Dkt. 27-12 at 1. When Daniel sent the August 4th email, Taherzadeh was out of the country on vacation. As a result, Daniel immediately received an automatic "out of office"

reply email from Taherzadeh. *See* Dkt. 27-13 at 10. The automatic reply stated: "I am currently out of the office until August 9th with delayed access to emails. I will respond to your email as soon as possible upon my return. If you need immediate assistance, please call the office at 469-729-6900." Dkt. 27-4 at 2. This auto-reply email went to Daniel's junk folder.

At 4:15 p.m. on August 4th, Jeffries obtained an ex parte temporary restraining order ("TRO") that prohibited PHH from moving forward with the foreclosure sale. *See* Dkt. 1-5 at 2. On the morning of August 5th, Ryan sent a copy of the TRO to Taherzadeh by email. At the time Ryan sent the email, Taherzadeh was playing golf in Mexico. The foreclosure sale took place as scheduled at approximately 12:15 p.m. on August 5, 2025. Robert Duran purchased the property at foreclosure.

In a declaration, Taherzadeh says that he did not see Ryan's August 5th email or have knowledge of the TRO prior to the foreclosure sale. *See* Dkt. 50 at 1–2. Taherzadeh insists that "[a]t no point on Tuesday, August 5, 2025 did I work, review, or process emails." *Id.* at 2. Taherzadeh maintains that the first time he "had knowledge of the temporary restraining order was on Friday, August 8, 2025 at 12:38 PM, three days after the foreclosure sale, when [he] received a text message from [a] co-worker" informing him of the TRO. *Id.* at 1.

PHH timely removed this lawsuit to federal court.

## ANALYSIS

Jeffries and Duran ask me to set aside the foreclosure sale because it took place in violation of the state court's TRO. In response, PHH offers three reasons why the TRO does not invalidate the foreclosure sale. First, PHH argues that it never received actual notice of the TRO by personal service or otherwise prior to the foreclosure sale. Second, PHH claims that the TRO is void because it fails to comply with the Texas Rules of Civil Procedure. Third, PHH contends that equity requires the foreclosure sale to stand. I only need to address the second argument.

The Texas Rules of Civil Procedure provide certain requirements for TROs that "are mandatory and must be strictly followed." *In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (quotation omitted). "Orders that fail to fulfill these requirements are void." *In re Off. of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008).

A trial court issuing a TRO ex parte to must state "why the order was granted without notice." Tex. R. Civ. P. 680. At oral argument, Jeffries's counsel conceded that the TRO in this case was obtained ex parte. The trial court, however, did not explain why it granted the TRO without notice. *See* Dkt. 1-5. This is not a technical defect. The Texas Supreme Court has held that a TRO granted ex parte is void if it fails to state why it was granted without notice in violation of Rule 680. *See In re Off. of Att'y Gen.*, 257 S.W.3d at 697 (holding that TROs violate Rule 680 and are void when they are "granted *ex parte* but fail to explain why they were granted without notice").

This is cut and dried.[1] "Because the temporary restraining order did not meet the requirements of Texas Rule of Civil Procedure 680, it is void under Texas law." *Hall v. BAC Home Loans Servicing, L.P.*, 541 F. App'x 430, 432–33 (5th Cir. 2013). "Accordingly, the temporary restraining order could not serve to void the foreclosure sale or prevent transfer of the Property as [Jeffries and Duran] assert[]." *Id.* I will not set aside the foreclosure sale.

## CONCLUSION

For the reasons discussed above, Jeffries's Motion to Enforce and Intervenor's Emergency Motion to Set Aside are denied. Because I have denied Intervenor's Emergency Motion to Set Aside, Duran's request for interim relief pending a ruling on that motion is denied as moot.[2]

---

[1] I explained to the parties at oral argument that I believed the TRO was void. I asked Jeffries's counsel to file a brief by November 13, 2025, if he disagreed with my assessment. It speaks volumes that nothing has been submitted.

[2] Duran has also filed a Notice of Clarification Regarding Clouded Title and Request for Guidance on Ownership Responsibilities. Dkt. 52. I will not offer advice to Duran on what he should or should not do as the owner of the property. That is not my role. I have held that the TRO is void. The foreclosure sale was thus effective. Duran is the owner the

SIGNED this 25th day of November 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

property and should take those steps he believes are appropriate in connection with his ownership responsibilities.