United States District Court
Southern District of Texas

**ENTERED**

February 10, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| JENNIFER JEFFRIES, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00269 |
| | § | |
| PHH MORTGAGE CORPORATION, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Defendant PHH Mortgage Corporation has filed a motion for summary judgment. *See* Dkt. 64. Intervenor Robert Duran has joined in PHH's motion. *See* Dkt. 65. Plaintiffs Jennifer and James Jeffries have not responded to the motion. Having considered the summary judgment briefing, the record, and the applicable law, I grant the motion.

## BACKGROUND

On August 4, 2025, Plaintiffs filed an Original Verified Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction (the "Original Petition") in the 412th Judicial District Court of Brazoria County, Texas. *See* Dkt. 1-2. The Original Petition is the operative pleading in this matter. In the Original Petition, Plaintiffs bring three causes of action: (1) Real Estate Settlement Procedures Act ("RESPA") violations; (2) Texas Debt Collection Act ("TDCA") violations; and (3) negligent misrepresentation. Plaintiffs also sought injunctive relief to halt an August 5, 2025 foreclosure sale. PHH timely removed this case to federal court.

I held a status conference on December 12, 2025. *See* Dkt. 60. PHH's counsel indicated that he planned on filing a motion for summary judgment. *See id.* Because the foreclosure sale referenced in the original lawsuit had already taken place, I gave Plaintiffs a chance to amend their lawsuit before entertaining a

motion for summary judgment. I set a December 19, 2025 deadline for Plaintiffs to file an amended complaint. *See id.* When Plaintiffs asked for additional time to file an amended complaint, I extended the deadline to December 23, 2025. *See* Dkt. 62. For whatever reason, Plaintiffs did not file an amended complaint.

This is the third lawsuit in which Plaintiffs have attempted to stop a foreclosure sale of their home. The first lawsuit was dismissed by agreement. The second lawsuit—styled *Jennifer Jeffries v. BSI Financial Services*, No. 125671-cv in the 239th Judicial District Court of Brazoria County, Texas (the "2023 State Court Lawsuit")—resulted in an Agreed Final Judgment (the "Agreed Judgment"), disposing of all claims for affirmative relief. *See* Dkt. 64-13.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted).

## ANALYSIS

PHH's summary judgment motion advances one argument: Plaintiffs' claims are barred by res judicata.

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The purpose of res judicata is to prevent vexatious litigation, promote judicial economy, and give finality to certain judgments. *See Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 908 (5th Cir. 2011).

On November 6, 2023, Jennifer Jeffries filed suit in the state district court of Brazoria County to stop the foreclosure of her home. *See* Dkt. 64-7. Her petition in that case set forth a laundry list of causes of action, including the same ones she

has raised in the instant matter: RESPA violations, TDCA violations, and negligent misrepresentation. On March 25, 2024, the district court judge signed the Agreed Judgment, decreed that "Plaintiff Jennifer Jeffries take nothing from her suit" and that "[t]his judgment finally disposes of all claims by Plaintiff and is appealable." *See* Dkt. 64-13.

I am required to apply Texas res judicata law where, as here, the previous judgment at issue "was rendered by a Texas state court." *Wainscott v. Dallas County*, 408 F. App'x 813, 815 (5th Cir. 2011). The elements of res judicata under Texas law are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Harmon v. Dallas County*, 927 F.3d 884, 890 (5th Cir. 2019) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). All three elements are met here.

First, the Agreed Judgment is a final judgment on the merits by a court of competent jurisdiction.

Second, Plaintiffs and PHH are either identical to, or in privity with, the named parties in the 2023 State Court Lawsuit. "For *res judicata* purposes, a party is in privity when it is so connected with a party to the first judgment that the parties share the same legal right that is the subject of the suit." *Nicholson v. Barrett Daffin Frappier Turner & Engle LLP*, No. 4:24-cv-389, 2024 WL 3503274, at *4 (N.D. Tex. July 3, 2024); *see also Amstadt*, 919 S.W.2d at 653 ("Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation.").

The plaintiff in the 2023 State Court Lawsuit was Jennifer Jeffries; the Plaintiffs in this case are Jennifer Jeffries and her husband, James. As husband and wife, Jennifer and James Jeffries are in privity. *See Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772, 773 (5th Cir. 2009) (holding that husband and wife are in privity for res judicata purposes for claims arising from a mortgage loan);

*Daneshjou v. JPMorgan Chase Bank, N.A.*, No. 1-23-cv-245, 2023 WL 8103953, at *3 (W.D. Tex. Oct. 17, 2023) (same).

The defendant in the 2023 State Court Lawsuit was BSI Financial Services, the Jeffries' previous loan servicer. The defendant in this case is PHH, the Jeffries' loan servicer at the time this lawsuit was filed. "Subsequent loan servicers share the same interests as previous loan servicers, and are their privies for the purposes of res judicata analysis." *Pignato v. PHH Mortg. Corp.*, No. 219CV00261, 2020 WL 7382307, at *3 (N.D. Ga. Apr. 17, 2020); *see also Elwess v. Old Republic Nat'l Title Ins. Co.*, No. CV12-1956, 2013 WL 526521, at *3 (D. Ariz. Feb. 12, 2013) ("As subsequent loan servicer, Ocwen shares the same interest as [the previous loan servicer] did in Plaintiff's previous lawsuits against it. Ocwen and [the previous loan servicer] are in privity.").

Third, the present action is based on the same claims that were raised or could have been raised in the 2023 State Court Lawsuit. In that lawsuit, Plaintiffs sought to halt a foreclosure and challenged the same note and deed of trust that is challenged here. *See Millard v. Bank of N.Y. Mellon Tr. Co.*, No. A-12-CA-1094, 2013 WL 12120415, at *3 (W.D. Tex. Jan. 30, 2013) (finding res judicata applied where "[t]he same Note and Deed of Trust [were] at issue").

This case is unquestionably barred by res judicata. PHH is entitled to summary judgment in its favor.

## CONCLUSION

For the reasons set forth above, I grant PHH's motion for summary judgment.

Duran has requested a judgment stating that (1) the August 5, 2025 foreclosure sale was valid; (2) Plaintiffs hold no right, title, or interest in the property at issue in this case; and (3) Duran is the lawful owner of the subject property. *See* Dkt. 55 at 2; Dkt. 65 at 4.  Because I have already concluded that these statements are true, *see* Dkt. 53 at 3 n.2, I will include such language in the final judgment, which I will issue separately.

4

SIGNED this __10__ day of February 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE